(No. 4316 )

GRACE W. MORRIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 7, 1951.*

G. WILLIAM HORSLEY, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Grace W. Morris, filed her complaint on June 30, 1950, wherein she alleges that on June 30, 1949 she was employed by the respondent, State of Illinois, in the State Department of Public Instruction, Division of Special Education for Handicapped Children. While in the course of her employment, she was in the north balcony of the House of Representatives. As she approached a seat, she missed a step, and fell. In falling she hit her back, which caused her pain immediately thereafter.

Claimant went to St. John's Hospital on July 7,

1949. She was treated by Drs. Schilsky and Barringer for a ruptured disc between the sixth and seventh vertebra, a severely strained right lumbar muscle, and torn ligaments.

The claimant was paid full salary for time lost as a result of the accident. There is no compensation due claimant for loss of time.

Claimant expended the sum of $518.95 in her efforts to recover from the injuries received on June 30, 1949, and this figure has been introduced into the record without objection on the part of the respondent.

The record consists of the complaint, Departmental Report, Supplemental Departmental Report, transcript of evidence, claimant's exhibit No. 1, Supplemental Departmental Report dated November 15, 1950, transcript of evidence, stipulation waiving briefs of both parties, and motion of claimant for leave to waive the filing of abstract of evidence.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of the employment.

An award is, therefore, hereby entered in favor of claimant, Grace W. Morris, in the amount of Five Hundred and Eighteen Dollars and Ninety-five Cents ($518.95), payable forthwith.

Harry L. Livingstone was employed to take and transcribe the testimony in support of this claim, for which he made charges of $16.00 and $60.00, making a total charge of $76.00. We find this charge to be fair, reasonable and customary for the services rendered.

An award is, therefore, hereby entered in favor of Harry L. Livingstone in the sum of Seventy-Six Dollars ($76.00).

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".